Pearson, J.
 

 The bill of exceptions presents two questions ; was Marsh, who, by order of the Court, was substituted and made defendant in the room and stead of Fleming, entitled to the benefit of any evidence, which would not in law be admissible, on the part of the said Fleming ? It is not necessary to decide this question, because we think there was error in the decision of the second question, and it is sufficient to say, that wrn see nothing to take this case out of the general rule, that a landlord, who is admitted to defend, is confined to such defence as the tenant could have made.
 

 The second question is : was the defendant, supposing him to be confined to such defence as Fleming was in law allowed to make, entitled in'law to rely upon the matters on his part to support the issue? We fully re-cognise the correctness of the general rule, that a purchaser at a sheriff’s sale is entitled to recover in ejectment against the debtor, whose estate he has bought, upon showing a judgment, an execution sale, and sheriff’s deed in pursuance thereof. For having paid his money in satisfaction of the defendant’s debt, he is entitled to whatever estate the defendant owned, and to the possession which he had, and it is right that he should be put into possession, without any contest with the defendant as to the title.
 

 
 *238
 
 We can, however, see no reason, why, in the case under consideration, Fleming, who had taken a lease and thereby in effect acquired a new possession under a third person, who had brought an action of ejectment and was to turn him out of possession after the purchase by the lessee of the plaintiff, should not be allowed to make de-fence, by showing that the person, under whom he acquired the new possession, had a paramount legal title. I£ he had been put out of possession, and then accepted a lease and entered in pursuance thereof, it would be clear that he could make such defence. For what end, should he be required to go through the useless form of being put out of possession, merely to be at the trouble of going back again ?
 

 A lessee for years, or other particular estate, during the continuance of the estate and while he holds the possession acquired under it, is not allowed to dispute the lessor’s title. After the expiration of the estate, he must give up the possession to him of whom he got it^ before he is at liberty to set up title in himself. When he has done so, he may assert title, either one which existed before he accepted the estate and possession, or one subsequently acquired ; but he cannot do so before, on account of the privity of estate. It would be treachery and bad faith to attempt to withhold possession from him of whom he received it.
 

 There is no reason for applying this doctrine in its fullest extent to a debtor in possession of land sold at Sheriff's sale. He is not the tenant of the purchaser — there is no privity of estate — nor did he receive the possession from him. The rights of the purchaser are sufficiently secured by holding, that he acquired whatever estate the debtor owned and has a right to the possession which he had at the time of the sale. As long as matters remain in
 
 statu
 
 gao, the debtor’s possession is not adverse, but there is no .treachery or bad faith in his acquiring a new possession
 
 *239
 
 under a paramount title in the manner, offered to be proved by the defendant in this case.
 

 Pee Cueiam. Judgment reversed and
 
 venire de novo.