From the manner in which the record is made out, we are at a loss to determine whether this is an appeal by the defendant from the ruling of his Honor on the trial of the action of ejectment, or *Page 65 
an appeal by the plaintiff from the order staying the writ of possession until the lessor of the plaintiff should bring his action of ejectment against the defendant. But for the fact that the case made out by his Honor is sent as part of the record, we should conclude that the only point presented was on the appeal of the plaintiff in regard to the motion to stay the writ of possession, and that the confusion is to be ascribed to an attempt on the part of the clerk to insert the proceeding in respect to the order staying the writ of possession as of Fall Term, 1860. We will take it, however, that both matters are brought up for review.
There is no error in the ruling of his Honor on the trial of the action of ejectment. The facts bring this case within the doctrine that when a landlord defends in place of his tenant, he can make only such defense as his tenant could make, and that in an action of ejectment by a purchaser at sheriff's sale against the debtor in the execution, he need only show a judgment, execution, and sheriff's deed. This is the general rule, and the case does not come within the exception made under the peculiar circumstances presented in Jordan v. Marsh, 31 N.C. 234; so we conclude with his Honor, that the plaintiff was entitled to recover.
But we do not concur with him in his holding on the motion to stay the writ of possession. We are not aware of any principle of law or practice of the courts by which, after a plaintiff in ejectment has obtained judgment against the tenant in possession, upon (117) whom the declaration in ejectment has been duly served, he can be deprived of the fruits of his judgment by an order to stay the writ of possession, on a suggestion that the title is in some other person. We were informed on the argument that his Honor supposed the order to stay the execution was warranted by the opinion in Judge v. Houston, 34 N.C. 108. Such a conclusion was not warranted by that opinion, and shows that it was totally misapprehended. In that case the declaration in ejectment was not duly served on the tenant in possession, but was served on one who was only a guest or servant of the persons really in possession, and it was held that the latter, who had received no notice of the action and had no right or opportunity of making defense, should be turned out of possession under a judgment obtained against the guest or servant. But in this case the declaration was served on the person really in possession; so the opinion in that case had not the slightest application.
We are glad of an opportunity to correct this misapprehension, for, if the practice should prevail of staying the writ of possession in all cases where the landlord defends in place of his tenants, the rule that he is confined to such defense as his tenant could make, and that a *Page 66 
purchaser at sheriff's sale, as against the debtor in the execution, need only show a judgment, execution, and sheriff's deed, would be completely eluded.